LESTER H. CLEE, CONTESTANT, v. A. HARRY MOORE, INCUMBENT.

Argued December 6, 1937—Decided December 15, 1937.

For the motion, *Robert H. McCarter.*

*Contra, Edward J. O'Mara.*

BROGAN, CHIEF JUSTICE.  A petition has been filed by Lester H. Clee, the contestant, who was a candidate for gov-

ernor at the last general election, contesting the election of A. Harry Moore, the incumbent, who, on the face of the returns, was declared by the board of canvassers to have been elected governor of the State of New Jersey.

Among the prayers at the end of the petition and forming part thereof is one which reads as follows:

"No. 4. That this court issue an order permitting your petitioner and his duly authorized representatives, under the supervision of this court, to examine and compare the signatures contained in said poll books with the signatures of the alleged registered voters contained in the signature copy registers for each of the said respective election districts, or any other records showing the permanent registration signatures of said illegal voters at the said general election held on November 2d, 1937."

Motion was made that the court issue an order for such examination in advance of the time fixed for the trial of this contest. The petition of the contestant is filed under paragraph 356, section 2, article XXVI of "An act to regulate elections" (Rev. 1930). Article XXVI (paragraph 355, section 1—paragraph 368, section 14) contains the complete, comprehensive, statutory plan, designed by the legislature for the initiation, trial proceedings and determination of this extraordinary type of litigation. The statute, however, is not an enactment of recent origin since it has been (and, substantially, in its present form) a part of our legislation to regulate elections since 1876 (Cf. chapter 124, *Pamph. L.* 1876, *p.* 163). It has, however, been considered by the Supreme Court in a great many cases and in all of them where the occasion arose may be found unanimity of judgment that proceedings taken thereunder are purely statutory and that the jurisdiction of the court is derived from the statute itself. In the case of *Darling* v. *Murphy,* 70 *N. J. L.* 435 (at *p.* 436), Mr. Justice Swayze said, "the proceeding is purely statutory and, in order that the court may have jurisdiction, the statute must be complied with." In the case of *Kuestner* v. *Boscarell,* 5 *N. J. Mis. R.* 303; 136 *Atl. Rep.* 506, our Supreme Court said, "the legislature has pre-

scribed a method of procedure to be followed by one who desires to contest the result of the election. To give the court jurisdiction, the method prescribed by the legislature must be followed. Courts have no power to change or ignore the procedure fixed by the legislature." See, also, *Cleary* v. *Kendall,* 13 *N. J. L. J.* 134; *Johnson* v. *Allen,* 55 *N. J. L.* 401; *Ferguson* v. *Brogan,* 112 *Id.* 472.

It will serve no purpose to multiply citations of authority except to say that in none of the cases examined can I find any view expressed by our Supreme Court which is at all in conflict with the thought expressed above. Singularly enough, I do not find any case in which an application of this particular character now before me has been made.

Counsel for the applicant, in his brief, says that the "presentation of his case requires a comparison of signatures on the permanent registration forms with signatures from the poll books," and that an order should be made permitting such inspection in advance of trial; and, as a practical reason in support of the proposition, that this procedure will save time. In the argument as to the law, reliance is placed on section 224 of the Election act. This section is part of article 17, which has to do with "disposition of ballot boxes, election records and election equipment." In general, the article provides for the placing of the election records in the ballot boxes, the delivery thereof to the municipal clerks, the preservation of the boxes with their contents, disposition of the register of voters, as well as the keys of the ballot boxes, and the like. The last paragraph of this article, upon which counsel relies, provides that "the court may at any time for *satisfactory* reason shown, and when the court may deem it *necessary,* issue an order for the opening of any ballot box or boxes and the removal of the contents thereof and for the removal from the file of any municipal or county office any documents and books for any necessary purpose, which order shall also set forth the return of such contents to the ballot box or boxes and their return together with the documents and books to the files of the office from which the same were removed." That this section, when read with the preceding

sections (paragraph 216, section 1; paragraph 224, section 9) which go to make up article 17 in its entirety, has no relation whatever to the subject of contested elections is plain. Article 26, *supra,* carrying the heading, "Contest of Nominations or Elections," under which this proceeding is brought, is complete in itself and contains provisions for plenary process under paragraphs 359, section 5, to 360, section 6, to compel the attendance of any witness deemed necessary and the production of all ballot boxes, books, papers, tally lists, ballots and other documents which may be required at such hearing. Every particle of competent evidence may thus be brought before the court at the trial of the cause. It is desirable, of course, that all litigations be handled expeditiously, but the difficulty here, if it be present, springs from the terms of the statute beyond which we may not go.

Since, therefore, the proceeding is one of purely statutory origin, we are compelled to follow the statute strictly. Courts may not and should not invoke their general or inherent jurisdiction in a proceeding strictly statutory when the terms of the statute invoked provide ample means to bring into court whatever proof exists in support of statutory petition.

To conclude, I am of the opinion that there is a lack of power in the court to permit the requested examination in advance of the trial. As was well stated by Mr. Justice Case in the Ferguson case, *supra,* "However laudable and in the public interest the result that the prosecutor hoped to attain, he must circumscribe his methods of achievement to his statutory powers." That language fits the present situation.

The motion will be denied.