32 N.J. Super. 513 (1954)
108 A.2d 645
JOSEPH A. LYNCH, PLAINTIFF-APPELLANT,
v.
VINCENT A. ACQUILONE, DEFENDANT-RESPONDENT, AND JOSEPH T. CURRAN, A.Y. TAYLOR AND ROBERT B. BERGEN, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 11, 1954.
Decided October 21, 1954.
*515 Before Judges EASTWOOD, GOLDMANN and SCHETTINO.
Mr. Ralph S. Mason argued the cause for plaintiff-appellant.
Mr. George W. Allgair argued the cause for defendant-respondent.
The opinion of the court was delivered by SCHETTINO, J.S.C. (temporarily assigned).
This is an election contest case arising out of the April 20, 1954 primary. Plaintiff and defendants Acquilone and Curran were candidates for the Democratic nomination for the office of member of the Township Committee of Hillsborough Township, Somerset County, and defendant Acquilone received the highest number of votes.
Appeal was taken from a Law Division order granting summary judgment dismissing plaintiff's complaint, entered on defendant Acquilone's motion for a judgment on the pleadings, R.R. 4:12-3. Prior thereto plaintiff had made a motion for a summary judgment, and after affidavits and counter-affidavits had been filed plaintiff's motion was denied. Defendant filed an answer and thereafter made his successful motion. Because of the importance of the dates, we note that the complaint was filed September 16, 1954; plaintiff's motion for summary judgment was denied September 24, 1954; an answer was filed by defendant Acquilone on October 1, 1954; judgment on defendant's motion, dated October 4, 1954, was filed October 6, 1954. The notice of appeal was *516 served on October 6, 1954 and filed October 7, 1954. The appeal was argued and orally determined from the bench on October 11, 1954. Counsel were advised that a formal opinion would be rendered.
In the "petition and complaint in lieu of prerogative writ" plaintiff alleged that defendant Acquilone paid, promised, or expended money or other things, in aid of his candidacy, in excess of the statutory limitation imposed by R.S. 19:39-2:
"Municipal office, ten cents for each voter who voted at the last preceding general election in a presidential year in such municipality or in the portion thereof in which the candidate is to be voted for."
The trial court rendered judgment for the defendant Acquilone, holding the action not timely, whether it be considered a petition under R.S. 19:29-1 et seq., or a complaint in lieu of prerogative writ. This court considers the action a petition under R.S. 19:29-1 et seq. (Clee v. Moore, 119 N.J.L. 215, 216 (Sup. Ct. 1937)), and the sole question before the court is whether the petition was filed in time. R.S. 19:29-3 provides that the petition contesting any nomination to public office shall be filed not later than ten days after the primary election, or within ten days of the filing of a statement of campaign expenses if the ground of action is discovered from such statements, deposit slips or vouchers.
In the case at bar the candidates for nomination were limited by R.S. 19:39-2 to an expenditure of $175.60, computed on the statutory figure for the 1756 voters who had voted at the last preceding general election in a presidential year. R.S. 19:40-1 provides that no candidate for nomination or election is required to appoint a campaign manager or to file a statement of campaign expenses if he is prohibited from expending more than $500 in aid of his candidacy. R.S. 19:44-1 exempts such candidate from filing statements concerning campaign funds prior to election.
Appellant argues that even if R.S. 19:40-1 and R.S. 19:44-1 do not require defendant Acquilone to file a statement of expenses prior to the primary election, R.S. 19:44-2 *517 contains no limitation that anyone who is prohibited from expending more than $500 need not file a statement of expenses after the election. A reading of R.S. 19:44-2 sustains appellant's contention that no reference is there contained excluding those who are exempt by R.S. 19:40-1 and R.S. 19:44-1. However, we cannot agree with appellant's conclusion. R.S. 19:44-2 must be read in conjunction with R.S. 19:44-1. They are in pari materia. In Maritime Petroleum Corp. v. Jersey City, 1 N.J. 287, 298 (1949) Mr. Justice Heher for the court said:
"* * * A statute is to be construed as a whole with reference to the system of which it is a part. Apparently conflicting provisions are to be reconciled in accord with the general intent. The true meaning of any clause or provision ordinarily is that which best comports with the subject and general object of the act. Lewis' Sutherland Statutory Construction (2d Ed.) sec. 348."
See also Sperry & Hutchinson Co. v. Margetts, 15 N.J. 203, 209 (1954). We hold that the exemption of R.S. 19:40-1 and R.S. 19:44-1 is to be read into R.S. 19:44-2 as part of the legislative plan and the defendant was not required to file a statement of expenses either before or after the primary election.
The trial court held that the complaint was not filed on time. R.S. 19:29-3 provides in part:
"The petition contesting any nomination to public office, election to party office or position * * * shall be filed not later than ten days after the primary election."
Additionally it provides that, if the basis for any complaint arises out of the filed statement, deposit slips or vouchers, the petition may be filed ten days after such statement, deposit slips or vouchers have been filed. It is computable therefore that a petition may be filed up to the twentieth day after the election. The Legislature intended by its action to require any election contest to be instituted within a ten-day period from the primary election day where, as here, it did not require the filing of any statement. We note that R.S. *518 19:44-6 permits a later filing by order of the court in which case the ten-day period would begin to run from the date of filing of the statements, slips or vouchers.
Nearly five months elapsed since the election when the plaintiff filed his contesting petition. To consider such a petition timely would contravene the legislative policy that "Public interest manifestly requires that election contests be promptly tried." In re Smock, 5 N.J. Super. 495, 504 (Law Div. 1949). We cannot acquiesce in a claimed legislative interpretation which would lead to chaos in the administration of elections.
The judgment of the court below is affirmed.