BEN JONES, PLAINTIFF, v. DWIGHT MITCHELL, DEFENDANT.

Superior Court of New Jersey
Law Division Essex County

Decided January 13, 1983.

388

*Joseph G. Dooley, Jr.,* for defendant.

*Arthur Penn,* for plaintiff.

MARZULLI, J.S.C.

This is a motion for summary judgment by defendant. I must, therefore, assume the following facts as presented by plaintiff to be true.

On March 23, 1982 defendant Dwight Mitchell filed his "candidate's request for designation on ballot" with the Orange City Clerk for the May 11, 1982 election of East Ward Councilman. Defendant listed as his residence 66 Hillyer Street, Orange, "since January 1981."

On April 8, 1982 plaintiff Ben Jones the incumbent and a resident of the East Ward of Orange, wrote the city clerk, through counsel, contesting defendant's residency. Plaintiff stated defendant was in fact a resident of Irvington within the 12-month period prior to the upcoming election and, as such, was in violation of *N.J.S.A.* 40A:9–1.13. That statute provides:

... any candidate for elective office must be a resident of the local unit to which the office pertains for at least 1 year *immediately* prior to the date the election is to be held....

An investigation was requested.

By letter dated April 12, 1982 the Orange City Clerk referred plaintiff's claim to the Commissioner of Registration and Superintendent of Elections for investigation. The Commissioner responded on April 20, 1982 that a residency question was a matter for the city clerk's office and legal counsel to decide. The city clerk then wrote plaintiff on April 29, 1982 advising him that "after proper review by Legislative Counsel to the Municipal Council ... there is insufficient documentation to preclude the candidacy of [defendant] Mr. Dwight Mitchell." On May 11, 1982 defendant was elected councilman of the East Ward of Orange.

On October 22, 1982, about five months later, plaintiff filed a complaint in lieu of prerogative writs demanding defendant be removed from office. Plaintiff contended that each day defendant serves as councilman represents a continuing violation of the residency requirement.

Defendant contends that plaintiff's complaint is an election law matter barred by *N.J.S.A.* 19:29–3. That statute, with certain exceptions which are not applicable here, prohibits challenges of election results more than 30 days after the date of an election.

The issue to be decided is whether this challenge to a city councilman's residency is governed by the rules of court regarding actions in lieu of prerogative writs or by the election laws of *Title* 19.

Plaintiff argues that the circumstances of *Alongi v. Schatzman*, 57 *N.J.* 564 (1974), apply. There the qualifications of a candidate for tax assessor were contested prior to the election. It was alleged that one of the candidates did not possess the required qualifications to run for the office—namely, a college degree.

*Alongi* was a suit to compel the county clerk to remove an unqualified candidate's name from the ballot. The court held that although the issue presented concerned the qualifications of a candidate to hold the office of tax assessor, the suit was in the nature of a prerogative writ to compel the county clerk to perform his duty. Therefore, "the election law provisions ... were not applicable." *Id.* at 573.

 This case is not a suit against the city clerk to compel correction of a ministerial error but rather a challenge to defendant's eligibility to serve. No right to challenge the eligibility of an official elected to public office existed at common law. *Clee v. Moore*, 119 *N.J.L.* 215, 216–217 (Sup.Ct.1937). However, *Title* 19 provides the statutory source for an election challenge of a successful candidate. A review of *Title* 19 discloses there is not a single provision with respect to eligibility requirements for election to a public office. Eligibility requirements, as in this case, are provided for in other titles. It is not necessary that eligibility requirements for public office be included in *Title* 19. Rather, it is *Title* 19 which provides the mechanism for challenging a public official's eligibility to serve.

 It is clear from the statutory language of *N.J.S.A.* 19:29–1 that eligibility to hold office is an election law matter. That statute specifically refers to "eligibility at the time of the election" as a basis for a challenge to an election. Therefore, this case is governed by the laws pertaining to elections.

 An eligibility challenge must be brought within 30 days of an election. *N.J.S.A.* 19:29–3. Indeed, it is the firmly established policy of this State that the "public interest manifestly requires that election contests be promptly tried." *Lynch v. Acquilone*, 32 *N.J.Super.* 513, 518 (App.Div.1954), citing *In re Smock*, 5 *N.J.Super.* 495, 504 (Law Div.1949). Plaintiff has not asserted any of the grounds provided in *N.J.S.A.* 19:29–3 which permit an election challenge later than 30 days after election day. Neither has he established grounds for tolling the 30-day period.

I hold this challenge is properly characterized as an election law matter and hence barred by the 30-day period provided for in *Title* 19.

It has not gone unnoticed that, under the facts of this case, the legislative policy not to disturb election results after a limited period of time might allow this defendant to occupy an elected office for which he might not be eligible.

Defendant's motion for summary judgment is granted.