913 A.2d 166 (2006)
389 N.J. Super. 424
Carol DAVIS, Isom G. Gladden, Mary Gladden, Joelle Haughey, Quin Jarret, Michael Jesse, Angel Perun, and Saundra P. Spector Plaintiffs,
v.
CITY OF PLAINFIELD, Joanne Rajoppi, in her capacity as Union County Clerk, Laddie Wyatt, in her capacity as Plainfield City Clerk, and Sharon Robinson-Briggs Defendants.
Superior Court of New Jersey, Chancery Division, Union County.
Decided July 26, 2006.
*167 Joseph Horn (Ahmad & Horn) for the plaintiffs.
Robert E. Barry (County of Union) for the defendant Joanne Rajoppi, Union County Clerk.
Angelo J. Genova and Peter J. Cammarano, III (Genova, Burns & Vernoia) for the defendant City of Plainfield and Laddie Wyatt, Plainfield City Clerk.
Stephen J. Edelstein & Christopher R. Welgos (Schwartz, Simon, Edelstein, Celso & Kessler LLP), Florham Park, for defendant Sharon Robinson-Briggs.
LYONS, P.J.Ch.

OPINION
Plaintiffs filed a verified complaint and order to show cause with the court on May 19, 2006. Plaintiffs contend that the current Mayor of the City of Plainfield ("Plainfield"), defendant, Sharon Robinson-Briggs ("Ms. Robinson-Briggs"), was not eligible under Article III Section 3.2 of the Charter of the City of Plainfield ("Charter") to be a candidate for mayor and should therefore be removed from office and a special election for the office of Mayor of Plainfield should be ordered by the court. The provision of the Charter that plaintiffs rely on states, "[a] mayor shall have been a legal voter in the city for at least 4 years prior to his election." Plainfield, N.J., Charter, Article III, § 3.2 (1969).
The primary election for nomination as the Democratic candidate for mayor of the Plainfield was held on June 7, 2005. The deadline for filing nominating petitions to run in the June 7, 2005 primary election was April 14, 2005. The deadline for objecting to the nominating petitions of candidates for the June 7, 2005 primary election was April 18, 2005. Ms. Robinson-Briggs was chosen to be the Democratic nominee for mayor in the June 7, 2005 primary. The deadline for challenging the *168 results of the June 7, 2005 primary election was June 17, 2005. No challenge was filed to the results of the June 7, 2005 primary election. Ms. Robinson-Briggs was elected Mayor of the City of Plainfield in the general election on November 8, 2005.
On January 12, 2006, plaintiff Sandra Spector forwarded a letter to the Plainfield City Council requesting that Ms. Robinson-Briggs' eligibility be verified. The City Council deferred to the County Clerk, Joanne Rajoppi. Plaintiff then forwarded said letter to Ms. Rajoppi. On January 27, 2006, Ms. Rajoppi advised that it was the responsibility of Plainfield City Clerk, Laddie Wyatt, to determine that a candidate meets the Charter. This action followed.
The basis for the complaint concerning Ms. Robinson-Briggs' eligibility is her testimony in a previous case titled Hill v. Robinson-Briggs, UNN-L-1561-03. The plaintiff in that case sought to enjoin Ms. Robinson-Briggs from being sworn in or assuming a seat on the City of Plainfield Board of Education on the basis that she did not possess the qualifications required by N.J.S.A. 18A:12-1, specifically that Ms. Robinson-Briggs was not a resident of Plainfield for at least one year prior to that election. Following the taking of testimony and the receipt of documents into evidence, on June 13, 2003 an Order was entered that the Board swear Ms. Robinson-Briggs in as a member. Plaintiffs rely on Ms. Robinson-Briggs' testimony though in which she stated she became a registered voter in Plainfield in September of 2002. Based on this information, plaintiffs contend Ms. Robinson-Briggs was not a legal voter in Plainfield for at least four years prior to her election as Mayor in November 2005 as required by the Charter.
Because Ms. Robinson-Briggs' residency and voter registration are at issue in the present matter, a brief history of her residency and voter registration is necessary. The following history was provided by Ms. Robinson-Briggs in a certification to the court. From approximately April 1993 to July 1998, Ms. Robinson-Briggs resided at 947C East Front Street, Plainfield, New Jersey. From July 1998 to March 2002, Ms. Robinson-Briggs resided in North Plainfield, New Jersey. Ms. Robinson-Briggs returned to Plainfield in late March 2002 and resided there continuously ever since. She registered to vote in Plainfield on September 20, 2002.
Defendant, Joanne Rajoppi, Union County Clerk, filed opposition to the Order to show cause and seeks to have the claim against the Union County Clerk dismissed for failure to state a claim for which relief can be granted. Defendants, City of Plainfield, Laddie Wyatt, Plainfield City Clerk, and Ms. Robinson-Briggs, Mayor of Plainfield, filed opposition to the Order to show cause and seek to have the plaintiffs' verified complaint dismissed.
Plaintiffs argue that the office of Mayor of Plainfield in governed by the Charter and the Charter states that to qualify for the office of Mayor "a mayor shall have been a legal voter in the city for at least 4 years prior." Because Ms. Robinson-Briggs testified in the matter of Hill v. Robinson-Briggs, supra, that she became a registered voter in Plainfield on September 20, 2002 and she was elected Mayor of Plainfield on November 8, 2005, plaintiffs claim Ms Robinson-Briggs was not a legal voter for at least fours years prior as required by the Charter. Therefore, they conclude Ms. Robinson-Briggs is not eligible to hold the office of Mayor of Plainfield and should be removed.
Defendants argue that plaintiffs' claim is untimely under the election laws *169 found in Title 19 of New Jersey Statutes Annotated, and that even if the court were to consider plaintiffs' claim timely, Ms. Robinson-Briggs satisfies the requirements of the Charter. Defendants further contend that the Charter is constitutionally suspect because the four year residency requirement violates the Equal Protection Clause of the United States Constitution. Defendants also argue that the defense of laches is applicable to plaintiffs' claim. Defendants essentially assert four grounds on which the plaintiffs' complaint should be dismissed, (1) plaintiffs' complaint is untimely, (2) Ms. Robinson-Briggs satisfies the requirements of the Charter, (3) plaintiffs' complaint is barred by laches, and (4) the Charter is unconstitutional.
THE CHARTER
The Charter states "[a] mayor shall have been a legal voter in the city for at least 4 years prior to his election." While N.J.S.A. 40A:9-1.13 provides for a uniform one year residency requirement to become a candidate for any local elective office,[1] an exception is provided in N.J.S.A. 40A:9-1.14. N.J.S.A. 40A:9-1.14 states that nothing contained in N.J.S.A. 40A:9-1.13 shall affect the provisions of any special municipal charter provided by the Legislature and adopted by the voters. The Charter at issue in the present matter is a "special municipal charter" as described in N.J.S.A. 40A:9-1.14. Therefore the four year residency requirement in the Charter is not statutorily preempted by the one year residency requirement in N.J.S.A. 40A:9-1.13 and the four year requirement in the Charter is the applicable provision.
INTRODUCTION
The defendants' first argument that plaintiffs' complaint should be dismissed is that plaintiffs' claim is untimely. To address defendants' contention that plaintiffs' claim is untimely, the court must first determine whether the challenge set forth by the plaintiffs is to be treated as a challenge under the election laws contained in Title 19 of New Jersey Statutes Annotated; as a prerogative writ and governed by the Rules of Court and statutes regarding actions in lieu of prerogative writs; or if the plaintiffs are pursuing general equitable relief in Chancery. The plaintiffs have not briefed this threshold issue.
ELECTION LAW
Election law is covered in Title 19 of New Jersey Statutes Annotated. N.J.S.A. 19:23-5 requires that "[c]andidates to be voted for at the primary election for the general election shall be nominated exclusively by the members of the same political party by petition. . . ." N.J.S.A. 19:23-7 sets forth the requirements for such petitions and states in relevant part:
Accompanying the petition, each person indorsed therein shall file a certificate, stating that he is qualified for the office mentioned in the petition, that he is a member of the political party named therein, that he consents to stand as a candidate for nomination at the ensuing primary election of such political party . . .
The petitions must be filed with the appropriate official, which in the case of petitions *170 for municipal office is the municipal clerk.
Not later than the close of business of the 48th day preceding the primary election for the general election, the municipal clerk shall certify to the county clerk the full and correct names and addresses of all candidates for nomination for public and party office and the name of the political party of which such persons are candidates together with their slogan and designation.
[N.J.S.A. 19:23-14]
Any objections to the petition of nomination must be "made in writing and filed with the officer with whom the original petition was filed, [the municipal clerk], not later than the fourth day after the last day for filing of petitions." N.J.S.A. 19:13-10. If an objection is filed to the nominating petition, the municipal clerk must make a determination of the validity of the objection "on or before the tenth day after the last for filing of petitions." N.J.S.A. 19:13-11. Challenges to the decision of the municipal clerk may then be brought by way of a proceeding in lieu of prerogative writ. See Alongi v. Schatzman, 57 N.J. 564, 274 A.2d 33 (1971); Introcaso v. Burke, 3 N.J.Super. 276, 65 A.2d 786 (Law Div.1949).
Here, the deadline for filing nominating petitions to run in the June 7, 2005 primary election was April 14, 2005. See N.J.S.A. 19:23-14. The deadline for objecting to the nominating petitions of candidates for the June 7, 2005 primary election was April 18, 2005. N.J.S.A. 19:13-10. The allegation made by plaintiffs that Ms. Robinson-Briggs was ineligible to be a candidate for Mayor because she failed to meet the requirements of Section 3.2 of the Charter which required that she be a legal voter of Plainfield for four years prior to being elected could have been filed as an objection to her nominating petition. No objection was filed to Ms. Robinson-Briggs petition on the basis set forth by plaintiffs in their verified complaint. Therefore if plaintiffs' verified complaint were in someway viewed as an objection to Ms. Robinson-Briggs nominating petition, the objection would be well outside the time constraints set forth in the statute.
N.J.S.A. 19:29-1, et seq. codifies the grounds upon which an individual may contest election results. The statute states in relevant part:
The nomination or election of any person to any public office or party position . . ., may be contested by the voters of this State or of any of its political subdivisions affected thereby upon 1 or more of the following grounds:
. . . .
b. When the incumbent was not eligible to the office at the time of the election;
. . . .
i. When a petition for nomination is not filed in good faith or the affidavit annexed thereto is false or defective.
In contesting the election results, the petition must be "signed by at least 15 voters of the county or by any defeated candidate for such nomination, party position or public office," and "verified by the oath of at least 2 of the petitioners." N.J.S.A. 19:29-2. In addition, "the petition shall be accompanied by a bond to the State . . . in the penal sum of $500.00, conditioned to pay all costs in case the election be confirmed, or the petition be dismissed or the prosecution fail." Ibid.
The time period for contesting election results under N.J.S.A. 19:29-1 is set forth in N.J.S.A. 19:29-3 which states, "[t]he petition contesting . . . election to party office or position, . . . shall be filed not later than 10 days after the primary election." *171 N.J.S.A. 19:29-3 goes on to state that
[t]he petition contesting any election to public office . . . shall be filed not later than 30 days after such election, unless the ground of action is discovered from the statements, deposit slips or vouchers filed under this Title, subsequent to such primary or other election, in which event such petition may be filed 10 or 30 days respectively after such statements, deposit slips or vouchers are filed.
An election contest filed after the thirty day period is time barred even if "the legislative policy not to disturb election results after a limited period of time might allow [an individual] to occupy an elected office for which [that individual] might not be eligible." Jones v. Mitchell, 194 N.J.Super. 387, 392, 476 A.2d 1276 (Law Div.1983).
The exception to the thirty day rule contained in N.J.S.A. 19:29-3 is in essence a "discovery rule," and provides a narrow exception for situations where parties, through no fault of their own, do not know or have reason to know the basis for their election contest. The exception contained in N.J.S.A. 19:29-3 applies where the grounds of the challenge are discovered from statements, deposit slips or vouchers filed under Title 19 after the primary or general election, in which case a challenge may be brought within ten or thirty days, respectively, of filing the statements, deposit slips or vouchers. N.J.S.A 10:29-3; see, In re Tyler, 167 N.J.Super. 115, 119-20, 400 A.2d 541 (Law Div.1979) (discussing the contents of a statement under N.J.S.A. 19:29-3 and stating that the "ground of action need not be set forth in the statement. It suffices that the information it contains provides a path to the ground of action, that it waves a red flag, alerting the contestant to the basis for the suit."). The right to contest an election and the procedure for doing so are strictly a matter of legislative determination, which must be followed. Kirk v. French, 324 N.J.Super. 548, 736 A.2d 546 (Law Div.1998). The proceedings to contest an election are strictly statutory, and the process regarding them must be rigidly followed. Burkett v. Francesconi, 127 N.J.L. 541, 23 A.2d 780 (1942); see also Petition of Clee, 119 N.J.L. 310, 196 A. 476 (1938) (election contest provisions must be strictly followed regarding how contest is made).
In Jones, supra, 194 N.J.Super. at 387, 476 A.2d 1276, the plaintiff challenged the defendant's eligibility to serve because the defendant did not meet a residency requirement. The court was faced with the issue of "whether [the] challenge to a city councilman's residency [was] govern[ed] by the rules of court regarding actions in lieu of prerogative writs or by the election laws of Title 19." Id. at 389, 476 A.2d 1276. The court stated that there was "[n]o right to challenge the eligibility of an official elected to public office at common law. However, Title 19 provides the statutory source for an election challenge of a successful candidate." Id. at 391, 476 A.2d 1276. The court in Jones stated that the case before the court "is not a suit against the city clerk to compel correction of a ministerial error but rather a challenge to defendant's eligibility to serve," and should be treated as a challenge under the election law of Title 19 of New Jersey Statutes Annotated. Ibid. The court stated that
[a] review of Title 19 discloses there is not a single provision with respect to eligibility requirements for election to public office. Eligibility requirements, as in this case, are provided for in other titles. It is not necessary that eligibility requirements for public office be included in Title 19. Rather, it is Title 19 which provides the mechanism for challenging *172 a public official's eligibility to serve.
[Ibid.]

The court further stated that the language of N.J.S.A. 19:29-1 clearly states that eligibility to hold office is an election law matter and the "statute specifically refers to `eligibility at the time of the election' as a basis for a challenge to an election." Pursuant to N.J.S.A 19:29-3, an eligibility challenge must be brought with thirty days of the election. Thus "the firmly established policy of this State is that the `public interest manifestly requires that election contests be promptly tried.'" Id. at 391, 476 A.2d 1276. (citations omitted). In Jones, the court found that the plaintiff had "not asserted any of the grounds provided in N.J.S.A. 19:29-3 which permit an election challenge later than thirty days after election day" and neither did he establish grounds for tolling the thirty-day period. Ibid. The court therefore held that the challenge was barred by the thirty day period provided in Title 19. Id. at 392, 476 A.2d 1276.
N.J.S.A. 19:29-1(b) provides as a ground for contesting an election "[w]hen the incumbent was not eligible to the office at the time of the election," which is precisely the allegation that plaintiffs make in the present action. Plaintiffs allege that Ms. Robinson-Briggs was ineligible for the office of Mayor at the time of the election because she did not satisfy the "shall have been a legal voter in the city for at least 4 years prior to h[er] election" requirement in the Charter. Plaintiffs' allegation may also come within N.J.S.A. 19:29-1(i) because plaintiffs could argue that the affidavit attached to the petition for nomination filed by Ms. Robinson-Briggs was "false or defective." Plaintiffs' claim though is analogous to the claim made by the plaintiff in Jones, supra. In Jones, supra, 194 N.J.Super. at 391, 476 A.2d 1276, the court held that the plaintiff's claims were governed by Title 19 and that an eligibility challenge must be brought with thirty days of the election pursuant to N.J.S.A. 19:29-3. Similarly here, plaintiffs' claim is governed by Title 19 and must be brought within the time periods set forth in the statute. By statute the plaintiffs were required to challenge Ms. Robinson-Briggs' eligibility for office within ten days of the June 7, 2005 primary election, namely June 17, 2005 or at the latest, within 30 days of the November 8, 2005 election, namely December 8, 2005. Plaintiffs' verified complaint was filed May 19, 2006, well outside of the thirty day time period set forth in the statute.
The exception to the thirty-day rule under the election contest statute does not apply in this situation. There are no proofs submitted which show that plaintiffs' grounds for this action were received from the statements, deposits slips or vouchers filed after the election. Further, there were no proofs submitted showing that Ms. Robinson-Briggs took steps to conceal her residence history, in fact, she testified to the facts regarding her residency under oath in open court in May 2003 during a previous challenge to her eligibility to serve on the Plainfield Board of Education. The facts regarding Ms. Robinson-Briggs' residence in Plainfield has been a matter of public record, and the subject of similar litigation, for over two years prior to the November 8, 2005 mayoral election. Plaintiffs have provided no basis for extending the timeframe for filing their post-election contest. See Lynch v. Acquilone, 32 N.J.Super. 513, 108 A.2d 645 (App.Div.1954) (finding that a petition contesting any nomination to public office, election to party office or position had to be filed not later than 10 days after the primary election under Title 19 and that plaintiffs action which was filed nearly five months after the election was not *173 timely). Giving plaintiffs every possible favorable inference, at the latest, plaintiffs had constructive notice of Ms. Robinson-Briggs' residency record on June 13, 2003, the date the final order was filed in Hill v. Robinson-Briggs, Docket No. UNN-L-1561-03. Based on the transcripts of the Hill matter, the grounds for plaintiffs' eligibility challenge could have been discovered in 2003. See In re Tyler, supra, 167 N.J.Super. at 120, 400 A.2d 541. Therefore, the May 19, 2006 filing by the plaintiffs is out of time under N.J.S.A. 19:29-3. Further, plaintiffs have not complied with the requirements of N.J.S.A. 19:29-2, namely plaintiffs did not submit a petition signed by at least 15 voters or post a bond.
PREROGATIVE WRIT
A writ as defined by Black's Law Dictionary is "[a] written judicial order to perform a specified act, or giving authority to have it done. . . ." Black's Law Dictionary 1608 (6th ed.1990). Prerogative writs are "those issued by the exercise of the extraordinary power of the crown (the court, in modern practice) on proper cause shown." Ibid.

N.J.S.A. 2A:66-6 provides:
A proceeding in lieu of prerogative writ may also be instituted as of right against any person for usurping, intruding into or unlawfully holding or executing any office or franchise in this state, by any person who, under the former practice, would have the requisite interest to exhibit an information in the nature of a quo warranto with the leave of court.
In Haack v. Ranieri, 83 N.J.Super. 526, 530-31, 200 A.2d 522 (Law Div.1964), the court discussed the statutes governing actions in lieu of prerogative writ. The court stated
[t]here are two sections which govern proceedings in lieu of the former prerogative writ of quo warranto. N.J.S. 2A:66-6 gives the right to bring the action to anybody who under the former practice would have had the requisite interest to exhibit an information in the nature of a quo warranto with leave of the court. This section now allows the bringing of an action as of right and dispenses with the allocatur formerly required from the court. N.J.S. 2A:66-8 allows a de jure claimant to an office to bring an action to oust a usurper.
[Ibid.]
R. 4:69-6 sets forth the limitation for bringing actions in lieu of prerogative writs. R. 4:69-6(a) states that "no action in lieu of prerogative writs shall be commenced later than forty-five days after the accrual of the right to the review." However, Section (c) of R. 4:69-6 states that "the court may enlarge the period of time provided in paragraph (a) or (b) of this rule where it is manifest that the interest of justice so requires."
In Alongi, supra, 57 N.J. at 569, 274 A.2d 33, the qualifications of a candidate for tax assessor were contested prior to the election and the plaintiff filed suit to compel the county clerk to remove an unqualified candidate's name from the ballot. The Court in Alongi held that although the issue presented concerned the qualifications of a candidate to hold the office of tax assessor, the suit was in the nature of a prerogative writ to compel the county clerk to perform his duty therefore, the "election law provisions cited by the defendants (N.J.S.A. 19:13-10; N.J.S.A. 19:13-12; N.J.S.A. 10:29-3) were not applicable." Id. at 573, 274 A.2d 33. In reviewing the time periods for filing the action, the Court applied the forty-five-day time period applicable to prerogative writs as opposed to the time limitations imposed by the election law provisions. Ibid. In Alongi the Court enlarged the forty-five-day limitation period under R. 4:69-6(c) because the *174 plaintiff did not receive definite word of the defendant's ineligibility until later, the defendant had misrepresented his eligibility, and the plaintiff had been persistent in his efforts to ascertain whether the defendant was eligible. Id. at 573, 274 A.2d 33.
Here, while the court considers the challenge presented by plaintiffs a challenge governed by the election laws of Title 19 of New Jersey Statutes Annotated, even if the challenge were treated as an action in lieu of prerogative writ, the forty-five-day time period prescribed by R. 4:69-6(a) would have run from the swearing in on January 1, 2006. Further, there are no facts that would cause the court to enlarge the forty-five-day time limitation under R. 4:69-6(c). See Alongi, supra, 57 N.J. at 569, 274 A.2d 33. There was no information regarding Ms. Robinson-Briggs that was not generally available to the public. Further, the public policy supports a quick resolution of election contests so that there is no delay in governing and stability in government. In addition, there is a cost to the public when challenges such as these are not brought in the time allotted. Plaintiffs' claim is well out of time under R. 4:69-6(a).
[Portion redacted for publication purposes]
ELIGIBILITY
The second argument advanced by defendants for dismissing plaintiffs' claim is that if the court were to consider plaintiffs' claim timely, Ms. Robinson-Briggs would be eligible under the Charter. The Charter provides "[a] mayor shall have been a legal voter in the city for at least four years prior to his election." Plainfield, N.J. Charter, Article III, § 3.2 (1969). Plaintiffs argue that Ms. Robinson-Briggs was not a "legal voter" for the four years before the election in November 2005 and therefore she is ineligible to hold office pursuant to the Charter. In making this argument, plaintiffs assume that a "legal voter" is one and the same as a "registered voter" and that the four year period must immediately precede the election, as opposed to allowing an aggregate period to satisfy the four year requirement. The defendants argue that plaintiffs' fundamental assumptions are erroneous as a matter of law.
There is a legal distinction between the terms "legal voter" and "registered voter." A "legal voter," used interchangeably in law with "eligible voter," or "qualified voter," defines an individual who is entitled to the substantive right to vote by virtue of satisfying certain statutory and Constitutional prerequisites. See N.J.S.A. 19:31-5; N.J. Const. Art. II, § 1, ¶ 3. In order to qualify as a "legal voter" an individual must (1) reside in the State for at least thirty days; (2) reside in the county for at least 30 days; (3) be over eighteen years of age; and (4) be a United States citizen. Ibid. A "registered voter" is an individual who has satisfied the requirements necessary to be considered a "legal voter" and has completed the procedural act of registering. More specifically, a "legal voter" is someone who has obtained the substantive right to vote by virtue of his or her residence, age and U.S. citizenship and a "registered voter" is someone who has completed the necessary procedure to exercise the right to vote. Ibid. N.J.S.A. 19:31-5 specifically states "a legal voter, shall, unless otherwise disqualified, be entitled to be registered. . . ."
Support for the legal distinction between the terms "legal voter" and "registered voter" is found in relevant New Jersey case law. In In re Ray, 26 N.J. Misc. 56, 59, 56 A.2d 761 (1947), the issue presented to the court was whether a candidate had to be registered to vote in order to be a "legal voter" within the meaning of R.S. *175 19:23-15, the predecessor of N.J.S.A. 19:23-15, which required a candidate to certify that he is a legal voter in the jurisdiction of the office for which he is being nominated. The court stated that "one may be a qualified or legal voter without exercising the right to vote. Registration does not confer the right; but is a condition precedent to the exercise of the right." Id. at 61, 56 A.2d 761. The court further found that despite not being registered to vote the defendant was a legal voter because he met all of the requirements to be eligible to vote, and he was therefore eligible to hold office. Id. at 63, 56 A.2d 761.
A similar question was posed to the court in Alston v. Mays, 152 N.J.Super. 509, 378 A.2d 72 (Law Div.1977), where the unsuccessful candidates for the Democratic nomination for the General Assembly of New Jersey challenged the nomination of the successful candidate, alleging, in part, that he improperly signed and submitted a certification with his nominating petition indicating that he was a legal voter of the district when he was not actually registered to vote in the district. The court in Alston, summarized the issue by stating that "the crux of plaintiffs' argument is the definition and meaning of the term `legal voter.' Can [the defendant] be a qualified or legal voter without being a registered voter . . .?" Id. at 515, 378 A.2d 72. The court relied favorably on In re Rays and granted summary judgment for the defendant. Id. at 518, 378 A.2d 72. Here, there is no question based on the uncontroverted facts that Ms. Robinson-Briggs a legal voter as required by the Charter.
Defendants argue that the language contained in the Charter "legal voter in the city for at least 4 years prior to his election" should not be interpreted to require that the four year period must immediately precede the election, but instead should be read to allow an aggregate period to satisfy the four year requirement. Defendants contend that the Charter should be read to only require a total of four years either cumulatively or consecutively at any point before the election. In support for this proposition, the defendants rely on the Black's Law Dictionary definition of "prior" which is defined as "preceding in time or order," which does not suggest the use of the word "prior" necessarily means "immediately preceding." Further, defendants contend that if the Plainfield Council had intended Section 3.2 to mean the four years immediately preceding an individual's election to the Office of Mayor, the council would have chosen the precise words to communicate such an intent. Defendant's argue that additional support for this argument is found in the Charter itself and the Plainfield City Code ("Code"), pointing to: (1) Charter Section 3.1 which governs the same mayoral office at issue in this case measures time by stating "next following his election" when referring to the inauguration of the Mayor; (2) Charter Section 2.3(b) which refers to the inauguration of Councilpersons states "next following his election"; (3) Charter Section 7.2(b) which discusses the reapportionment of municipal wards states "[i]mmediately following the promulgation of each Federal census"; (4) Code Section 1:1.2 which provides definitions and rules of construction states that "[t]he words `preceding' and `following' shall mean next before and next after, respectively"; and (5) Code Section 2:3-4(a) which states "[n]o person shall be eligible for a temporary appointment who has previously served a temporary appointment in the same office during the previous twelve (12) consecutive months." These sections of the Charter and the Code provide support for the contention that the drafters of these documents made distinctions between "prior to" and "immediately *176 prior to." These provisions of the Charter and the Code make it clear that the draftsmen of the Charter and the Code could have used the words "immediately prior" or "immediately preceding" in Section 3.2 if they chose and they did not do so.
In construing a statute, the court must consider the legislative purpose and give the words of the statute a common-sense meaning within the context of that purpose. Gillen v. Sheil, 174 N.J.Super. 386, 416 A.2d 935 (Law Div.1980); see New Jersey Land Title Ins. Rating Bureau v. Sheeran, 151 N.J.Super. 45, 376 A.2d 550 (App.Div.1977) (finding that legislation must be construed consistently with its motivating policy objectives). The court recognizes that the purposes underlying Charter provision Section 3.2 are to ensure that candidates are familiar with the issues of the municipality; candidates are not "carpetbaggers"; and that voters will have an opportunity to know the candidates.
The court also recognizes that the New Jersey Supreme Court, as recently as 2002, stressed the principle that "election laws are to be liberally construed so as to effectuate their purpose. They should not be construed so as to deprive voters of their franchise or so as to tender an election void for technical reasons." New Jersey Democratic Party v. Samson, 175 N.J. 178, 186, 814 A.2d 1028 (2002). Further, the New Jersey Supreme Court in Gangemi, stated that "the right to vote would be empty . . . if it did not include the right of choice for whom to vote." Gangemi, supra, 44 N.J. at 667, 210 A.2d 753.
Here the court is guided by language of the Charter as viewed through the prism of the polices stated above. In applying these policies, the court finds that the phrase "at least four years prior to the election" should be read to require a total of four years cumulatively or consecutively at any point before the election, not four years "immediately preceding" the election. This ensures that carpetbaggers remain thwarted, and a considerable time of residency is required so as to familiarize the voters with the candidate and the candidate with the local issues. Further, such an interpretation does not unduly restrict the public's choice of candidates and a liberal construction consistent with the provision's purpose is had.
The court finds that while Ms. Robinson-Briggs has not lived in Plainfield for the four years immediately preceding her election as Mayor, she has spent more than four years in total as a qualified "legal voter" in Plainfield prior to her election to Mayor. Ms. Robinson-Briggs resided in Plainfield for approximately five years from April 1993 to July 1998 at 947C East Front Street, Plainfield, New Jersey and returned to Plainfield in late March 2002 and has resided there continuously ever since, which total approximately three years and seven months. The total time that Ms. Robinson-Briggs resided in Plainfield is approximately eight years. Ms. Robinson-Briggs has met the requirement of the Section 3.2 of the Charter because she was a legal voter in the city for at least four years prior to her election. Further, the policy concerns underlying the Charter Provision are not disturbed because the eight years that Ms. Robinson-Briggs has resided in Plainfield lead to the inference that she is knowledgeable about Plainfield.
Based on the previous discussion, plaintiffs' current filing is out of time under Title 19 and R. 4:69-6(c), and further, Ms. Robinson-Briggs satisfies the requirements of the Charter.
*177 [Portion redacted for publication purposes]
CONCLUSION
Based upon the foregoing discussion, plaintiffs' verified complaint is dismissed. Defendant should submit the appropriate order.
NOTES
[1] N.J.S.A. 40A:9-1.13 provides:

Except as provided in section 9 of this act, no person shall, on or after the effective date of this act, be eligible to become a candidate for any local elective office, or to be appointed to any local elective office, unless he is registered to vote in the local unit to which the office pertains, and has been a resident of that local unit for at least 1 year immediately prior to the date upon which the election for the office is to be held, or prior to the date upon which the appointment is made, as the case may be [(emphasis added)].