BILLIE SALTER ET AL. *v.* LILLIAN KAPLOWITZ ET AL.

HON. JOSEPH W. BOGDANSKI, A JUDGE OF THE SUPERIOR COURT
NEW HAVEN COUNTY AT NEW HAVEN

Memorandum filed June 13, 1968

*Jacobs, Jacobs, Grudberg & Clifford,* of New Haven, for the plaintiffs.

*Charles G. Albom,* of New Haven, for the defendants.

*Alexander A. Goldfarb,* of Hartford, specially appeared for all defendants.

BOGDANSKI, J. This proceeding on behalf of the named petitioners was returned before the undersigned as a judge of the Superior Court in pursuance

to the provisions of § 9-449 of the General Statutes. It is directed against the respondents Lillian Kaplowitz, John V. Santagata, Adam Parry, Robert V. Adelman, Albert R. Annunziata, John W. Gardner, Paul R. North, Sr., and Josephine J. Gardner. At the conclusion of the evidence, counsel for the respondents moved for a dismissal of the petition against certain of the respondents for lack of any evidence whatsoever connecting them in any way with any of the allegations of the complaint. The motion was granted, and the petition ordered dismissed as against the respondents Lillian Kaplowitz, Adam Parry, Paul R. North, Sr., and Josephine J. Gardner.

The petition alleges that on April 15, 1968, the plaintiffs Martha E. Andresen, Frank A. Zunino, Mary Elisabeth Carpenter, Damon Frantz Rarey, Heustis Thomas Moore, Paula Busch, Richard F. Barrett, Mark P. Zanna, Lisa H. Horwitz, James R. Hunter, Elliot Livstone, Carol Livstone, Cheryl L. Batts, Bruce G. Batts, Lowell E. Jones, Gerald A. Bond, Patricia R. Brewer, Mark A. Cohan, Marion H. Feirstein and Les Greene were all duly enrolled Democratic voters in the second ward in the city of New Haven, eligible to vote in a Democratic primary scheduled for that day, and that they presented themselves to the second ward polling station within the designated hours in order to cast their vote; that among the election officials duly appointed to conduct the election in the second ward were the respondents, Robert V. Adelman as chief moderator, Albert R. Annunziata as machine tender, and John W. Gardner as challenger or party checker; that during the course of this primary election, which lasted from 12 noon until 8 p.m., the aforesaid election officials conspired and acted in concert by unreasonable, arbitrary and illegal means to prevent the aforesaid petitioners from casting their votes in this

primary election; that the aforesaid election officials did harass, hinder and discourage the plaintiffs from voting; and that in addition thereto the aforesaid election officials did physically and selectively prevent and deprive the enumerated petitioners from exercising their right to vote. Wherefore the petitioners claimed that they are aggrieved by being deprived of their right to vote and seek pursuant to statute such judgments and relief, in law or equity, as is proper under the circumstances.

In addition, the plaintiffs sought, pursuant to statute, that the petitioners herein, who were illegally prevented from voting, be given the opportunity to vote, that their votes be added to the existing tally on the voting machine, and that the two candidates receiving the highest aggregate tally, including those votes cast under the supervision of this court, be declared the representatives of the second ward Democratic town committee of New Haven. The respondents moved to erase this last named prayer for relief because a judge of the Superior Court has no jurisdiction to grant the relief prayed for, as alleged in the complaint, in accordance with § 9-449 of the General Statutes.

Section 9-449 reads as follows: "Any enrolled member of a political party aggrieved by the ruling of any election official at a primary of such party held under the provisions of sections 9-382 to 9-450, inclusive, or who alleges that there has been a mistake in the count of the votes cast at such primary, may, within three days after such primary, bring his complaint to any judge of the superior court, and such judge shall forthwith order a hearing to be held upon such complaint upon a day not more than five nor less than three days after the making of such order, and shall cause notice of not less than three days to be given to any candidate or candi-

dates directly affected by the decision . . . , and to any other person or persons whom such judge deems proper parties thereto . . . . Such judge . . . shall, on the day fixed for such hearing, . . . proceed to hear the parties and determine the result. If sufficient reason is shown, he may order any voting machine . . . to be opened and a recount made of the votes cast. Such judge shall forthwith prepare a finding of the result of such hearing and shall file the same with the clerk of the court. Such finding shall operate to correct any returns or certificates filed by the election officials and shall be final and conclusive. The clerk of the court shall forthwith transmit a copy of such findings to the secretary of the state."

It is conceded by all parties that there is here no claim for a recount of the vote, nor is there any claim that any mistake was made on the part of the moderator in tabulating the vote. What is claimed is the deprivation of petitioners' right to vote by the unreasonable, arbitrary and illegal means employed by these election officials.

The procedure used by the petitioners here is of a special statutory nature, and by its use a judge is called upon to exercise a judicial power in an original matter. *In the Matter of Gilhuly's Petition,* 124 Conn. 271, 276. Not only must the petitioners pursue their remedy in strict conformity with the statute but the special tribunal may go no further in extending relief than that outlined in the statute. *Fox* v. *English,* 8 Conn. Sup. 234, 238; *Gunn* v. *Roples,* 100 Fla. 816.

The instant matter is not something ancillary to an action in or about to enter court. The general equity power which the undersigned might have while acting as a judge of the Superior Court when issuing injunctions is not available for use in a

proceeding such as is now under discussion. *Clapp v. Hartford,* 35 Conn. 66; *Trinity College* v. *Hartford,* 32 Conn. 452.

Consequently, I hold that, in view of the nature of the proceedings, my powers and duties are circumscribed by the provisions of § 9-449 and that this precludes the availability of a decree as to any new election. *Gunn* v. *Roples, supra.* Wherefore the motion to erase as to the last named prayer for relief is hereby sustained.

As to the remainder of the petition, it is hereby found that (1) the said twenty plaintiffs enumerated in paragraph 14 of the petition were deprived of their right to vote during the said primary of April 15, 1968; (2) the following election officials, Albert R. Annunziata, Robert V. Adelman and John W. Gardner, acted in concert by unreasonable, arbitrary and illegal means to prevent the petitioners from exercising their right to vote; (3) these election officials did illegally harass the plaintiffs at the polling station, and (4) did physically and selectively prevent the plaintiffs from exercising their right to vote; (5) the respondent Albert R. Annunziata was the prime mover of the above reprehensible conduct; (6) this memorandum of decision with its findings, together with the file and transcript of all proceedings, shall be turned over to the grievance committee for New Haven County bar to take such action as it deems fit under the appropriate statutes with regard to the respondent Albert R. Annunziata, a member of the bar of this state.