# TOYKA SIMMONS-COOK *v.* CITY OF BRIDGEPORT ET AL.
## (SC 18013)

Rogers, C. J., and Norcott, Katz, Palmer, Vertefeuille, Zarella and Schaller, Js.

Argued November 5—officially released November 5, 2007*

* November 5, 2007, the date that the order denying the plaintiff's motion to stay was released, is the operative date for all substantive and procedural purposes.

*Thomas J. Weihing*, with whom, on the brief, was *John T. Bochanis*, for the appellant-appellee (plaintiff).

*Arthur C. Laske III*, assistant city attorney, *John C. King* and *John P. Bohannon, Jr.*, with whom, on the brief, was *Michele C. Mount*, assistant city attorney, for the appellees-appellants (defendants).

*Opinion*

ROGERS, C. J. The plaintiff, Toyka Simmons-Cook, brought this action pursuant to General Statutes § 9-329a (a),[1] claiming, inter alia, that the defendant Santa

[1] General Statutes § 9-329a provides: "(a) Any (1) elector or candidate aggrieved by a ruling of an election official in connection with any primary held pursuant to (A) section 9-423, 9-425 or 9-464, or (B) a special act, (2) elector or candidate who alleges that there has been a mistake in the count of the votes cast at such primary, or (3) candidate in such a primary who alleges that he is aggrieved by a violation of any provision of sections 9-355, 9-357 to 9-361, inclusive, 9-364, 9-364a or 9-365 in the casting of absentee ballots at such primary, may bring his complaint to any judge of the Superior Court for appropriate action. In any action brought pursuant to the provisions of this section, the complainant shall send a copy of the complaint by first-class mail, or deliver a copy of the complaint by hand, to the State Elections Enforcement Commission. If such complaint is made prior to such primary such judge shall proceed expeditiously to render judgment on the complaint and shall cause notice of the hearing to be given to the Secretary of the State and the State Elections Enforcement Commission. If such complaint

Ayala, the Democratic registrar of voters for the city of Bridgeport (city), and the defendant Thomas L. Kanasky, Jr., the head moderator for the city's September 11, 2007 Democratic primary, had violated certain election statutes before, during and after the primary.[2]

is made subsequent to such primary it shall be brought, within fourteen days after such primary, to any judge of the Superior Court.

"(b) Such judge shall forthwith order a hearing to be held upon such complaint upon a day not more than five nor less than three days after the making of such order, and shall cause notice of not less than three days to be given to any candidate or candidates in any way directly affected by the decision upon such hearing, to such election official, to the Secretary of the State, the State Elections Enforcement Commission and to any other person or persons, whom such judge deems proper parties thereto, of the time and place of the hearing upon such complaint. Such judge shall, on the day fixed for such hearing, and without delay, proceed to hear the parties and determine the result. If, after hearing, sufficient reason is shown, such judge may order any voting machines to be unlocked or any ballot boxes to be opened and a recount of the votes cast, including absentee ballots, to be made. Such judge shall thereupon, if he finds any error in the ruling of the election official, any mistake in the count of the votes or any violation of said sections, certify the result of his finding or decision to the Secretary of the State before the tenth day following the conclusion of the hearing. Such judge may (1) determine the result of such primary; (2) order a change in the existing primary schedule; or (3) order a new primary if he finds that but for the error in the ruling of the election official, any mistake in the count of the votes or any violation of said sections, the result of such primary might have been different and he is unable to determine the result of such primary.

"(c) The certification by the judge of his finding or decision shall be final and conclusive upon all questions relating to errors in the ruling of such election official, to the correctness of such count, and, for the purposes of this section only, such alleged violations, and shall operate to correct any returns or certificates filed by the election officials, unless the same is appealed from as provided in section 9-325. In the event a new primary is held pursuant to such Superior Court order, the result of such new primary shall be final and conclusive unless a complaint is brought pursuant to this section. The clerk of the court shall forthwith transmit a copy of such findings and order to the Secretary of the State."

[2] The plaintiff also named as defendants the following: the city; Hector Diaz, the town clerk for the city; Joseph Borges, the Republican registrar of voters for the city; Patricia Howard, the deputy Democratic registrar of voters for the city; Jeffrey B. Garfield, the executive director and general counsel for the state elections enforcement commission; and Warren Blunt, Richard Bonney, Susan Lesko-Kohut, Mary A. McBride-Lee and Clara Wat-

After an expedited hearing, the trial court rendered judgment for the defendants. The plaintiff then brought an appeal.[3] At the same time, the plaintiff filed in this court a motion to stay pursuant to Practice Book § 61-11[4] requesting postponement of the city's general election scheduled for November 6, 2007, pending resolution of the appeal. We denied the motion and indicated that a full opinion explaining our decision would be released at a later date. This is that opinion. We conclude that the motion to stay should be denied because the automatic stay provision of § 61-11 did not apply to the city's general election, this court has no authority to order postjudgment injunctive relief that was not requested in the underlying complaint and, even if this court had such authority, it has no authority to order a postponement of a general election in an action pursuant to § 9-329a under any circumstances.

The record reveals the following undisputed facts and procedural history. The plaintiff was a candidate

son-Harper, Democratic candidates for city council in the city's September 11, 2007 Democratic primary.

[3] The plaintiff originally brought her appeal pursuant to General Statutes §§ 9-325 and 51-199 (b) (5). After the appeal was filed, this court determined that it would treat the issues raised in the appeal that had not been certified to this court by the trial court in accordance with § 9-325 as if they had been brought in an ordinary appeal to this court. See *Bortner* v. *Woodbridge*, 250 Conn. 241, 245 n.4, 736 A.2d 104 (1999) (although direct appeal to this court pursuant to § 51-199 [b] [5] was improper in absence of certified question pursuant to § 9-325, court treated appeal as if it had been filed in Appellate Court and transferred to this court). Accordingly, this court bifurcated the appeal into a certified appeal pursuant to § 9-325 and an ordinary appeal.

[4] Practice Book § 61-11 (a) provides: "Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to take an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. If the case goes to judgment on appeal, any stay thereafter shall be in accordance with Section 71-6 (motions for reconsideration), Section 84-3 (petitions for certification by the Connecticut supreme court), and Section 71-7 (petitions for certiorari by the United States supreme court)."

for election to the city council for the 135th voting district in the city's September 11, 2007 Democratic primary. After a mandatory recanvass of the primary vote pursuant to General Statutes § 9-445, the defendants Warren Blunt and Richard Bonney were determined to have won the Democratic nomination for the office of city council. Fourteen days after the primary, on September 25, 2007, the plaintiff filed a complaint in the Superior Court alleging that, before, during and after the primary, and during the recanvass, Ayala and Kanasky had engaged in conduct that violated various election statutes. In her original complaint, the plaintiff stated that she was bringing the action pursuant to General Statutes § 9-328, but she later clarified in an amended complaint that she was bringing the action pursuant to § 9-329a. In each complaint, the plaintiff sought orders that (1) all of the voting machines used in the Democratic primary election be impounded beyond the automatic fourteen day impoundment period provided for in General Statutes § 9-310, (2) no Democratic nominee for the office of city council for the 135th voting district be recognized before the case was resolved, (3) "the votes recounted on the ballots in the 135th [v]oting [d]istrict . . . be voided," (4) the plaintiff be declared the winner of the Democratic primary for the office of city council for the 135th voting district, (5) a new primary election be held for the office of city council for the 135th voting district and (6) the ballots cast in the primary election not be examined, unlocked or otherwise inspected except by order of the court.

The trial court ordered an expedited hearing on the matter to be held beginning on October 3, 2007. The trial court also issued an ex parte order that all of the voting machines used in the primary, as well as certain other materials related to the election, be impounded, pending further order by the court.

The expedited hearing concluded on October 15, 2007, and, on October 24, 2007, the trial court issued its decision. The trial court concluded that the refusal of Ayala and Kanasky to allow the plaintiff to have an official counter during the recanvass pursuant to § 9-445 constituted a " 'ruling' " of an election official within the meaning of § 9-329a and that the ruling was improper. The court also determined, however, that the plaintiff had not established: (1) that the results of the primary might have been different if the rulings had been different; or (2) what the outcome would have been if the rulings had been different. Accordingly, the trial court rendered judgment for the defendants and, pursuant to § 9-329a (b), certified its decision to the secretary of the state.

On October 26, 2007, the defendants filed a motion to vacate the trial court's impoundment order so that the voting machines could be prepared for the city's general election on November 6, 2007. The plaintiff objected to the motion and requested that the trial court certify the question of whether the impoundment order should be vacated to the Chief Justice of the Connecticut Supreme Court pursuant to General Statutes § 9-325. After a hearing, the trial court granted the defendants' motion to vacate the impoundment order and denied the plaintiff's request to certify the question to the Chief Justice.

On October 30, 2007, the plaintiff filed a motion to postpone the election "during the pendency of [her] appeal to the Supreme Court."[5] In the motion, she also requested that the question of whether the general election should be postponed be certified to the Chief Justice pursuant to § 9-325. The trial court denied the motion.

[5] No appeal had been filed when the plaintiff filed her motion to postpone.

On November 1, 2007, the plaintiff filed an appeal, citing General Statutes §§ 51-199 (b) (5) and 9-325 as the statutory bases for the Supreme Court's appellate jurisdiction over the matter. In her preliminary statement of issues, the plaintiff raised numerous claims relating to the merits of the trial court's judgment in favor of the defendants, the vacating of the impoundment order, the denial of the motion to postpone the election and the denials of the plaintiff's requests to certify to the Chief Justice pursuant to § 9-325 the questions of whether the impoundment order should be vacated and the election should be postponed. The plaintiff also filed a motion to stay pursuant to Practice Book § 61-11, in which she requested that the city's general election for the office of city council for the 135th voting district, scheduled for November 6, 2007, be postponed "pending the appeal." After the plaintiff filed her appeal and motion to stay, the trial court certified to the Chief Justice the question of whether the trial court was required to grant the plaintiff's motion to postpone the city's general election pending the plaintiff's appeal.[6]

Thereafter, the defendants filed a motion to dismiss the appeal and an opposition to the plaintiff's motion to stay. With respect to the motion to stay, the defendants argued that the motion went to the merits of the trial court's judgment in favor of the defendants and required this court to make de novo factual findings on the basis of the evidence produced at the hearing.

On November 2, 2007, the Chief Justice ordered, pursuant to § 9-325, that a special session of this court be held on November 5, 2007, for the purpose of hearing the plaintiff's appeal. Before and during the hearing,

[6] At oral argument before this court, the plaintiff represented that she had not sought reconsideration of the trial court's denial of her request to certify the question to the Chief Justice and that she did not know why the trial court had reversed its decision.

the plaintiff clarified that she had intended to bring both an ordinary appeal from the final judgment of the trial court and a certified appeal pursuant to § 9-325. She further clarified at the hearing that the only issue in the certified appeal was the certified question of whether the trial court was required to postpone the election pending resolution of the substantive issues raised in the ordinary appeal. Accordingly, this court limited the hearing to the certified question of whether the trial court was required to postpone the city's general election pending the plaintiff's appeal and to the motion to stay, which involved essentially the same issue.

Immediately after the hearing, this court bifurcated the plaintiff's appeal into: (1) a certified appeal, brought pursuant to § 9-325, and limited to the certified question of whether the trial court was required to postpone the city's general election pending appeal;[7] and (2) an ordinary appeal from the final judgment of the trial court. We further ordered that the ordinary appeal be accepted for filing in this court.[8] See footnote 3 of this opinion. We then denied the plaintiff's motion to stay in the ordinary appeal. The sole purpose of this opinion is to explain our reasons for denying the motion to stay.

In the related case of *Caruso* v. *Bridgeport*, 284 Conn. 793, 937 A.2d 1 (2007), we addressed the same issue that is before us in this case and concluded that the automatic stay provision of Practice Book § 61-11 did not apply to the city's general election, that this court has no authority to order postjudgment injunctive relief

[7] The certified appeal was dismissed as moot in light of our conclusion in the present case that this court has no authority to grant the relief sought in the motion to stay, which was essentially the same relief sought in the certified appeal. See *Simmons-Cook* v. *Bridgeport*, 284 Conn. 823, 936 A.2d 605 (2007).

[8] This court also scheduled an expedited hearing on the ordinary appeal for November 30, 2007.

that was not requested in the underlying complaint and that, even if this court had such authority, neither this court nor the trial court had the authority to postpone a general election pursuant to § 9-329a under any circumstances. Accordingly, we denied the plaintiff's motion to stay and to postpone the general election pending appeal. Id., 803–804. We adopt the reasoning and conclusion of that opinion herein.

The motion to stay is denied.

In this opinion the other justices concurred.