CHRISTOPHER CARUSO *v.* CITY OF
BRIDGEPORT ET AL.
(SC 18010)

Rogers, C. J., and Norcott, Katz, Palmer, Vertefeuille, Zarella and Schaller, Js.

Argued November 5—officially released November 5, 2007*

---

* November 5, 2007, the date that the order dismissing the plaintiff's certified appeal was released, is the operative date for all substantive and procedural purposes.

*Thomas J. Weihing*, with whom, on the brief, was *John T. Bochanis*, for the appellant (plaintiff).

*John C. King* and *John P. Bohannon, Jr.*, with whom were *Arthur C. Laske III* and *Michele C. Mount*, assistant city attorneys, for the appellees (defendants).

*Peregrine Zinn-Rowthorn*, assistant attorney general, for the appellee (intervenor Susan Bysiewicz, secretary of the state).

*Opinion*

ROGERS, C. J. The plaintiff, Christopher Caruso, brought this action pursuant to General Statutes § 9-

329a (a),[1] claiming, inter alia, that the defendant Santa

[1] General Statutes § 9-329a provides: "(a) Any (1) elector or candidate aggrieved by a ruling of an election official in connection with any primary held pursuant to (A) section 9-423, 9-425 or 9-464, or (B) a special act, (2) elector or candidate who alleges that there has been a mistake in the count of the votes cast at such primary, or (3) candidate in such a primary who alleges that he is aggrieved by a violation of any provision of sections 9-355, 9-357 to 9-361, inclusive, 9-364, 9-364a or 9-365 in the casting of absentee ballots at such primary, may bring his complaint to any judge of the Superior Court for appropriate action. In any action brought pursuant to the provisions of this section, the complainant shall send a copy of the complaint by first-class mail, or deliver a copy of the complaint by hand, to the State Elections Enforcement Commission. If such complaint is made prior to such primary such judge shall proceed expeditiously to render judgment on the complaint and shall cause notice of the hearing to be given to the Secretary of the State and the State Elections Enforcement Commission. If such complaint is made subsequent to such primary it shall be brought, within fourteen days after such primary, to any judge of the Superior Court.

"(b) Such judge shall forthwith order a hearing to be held upon such complaint upon a day not more than five nor less than three days after the making of such order, and shall cause notice of not less than three days to be given to any candidate or candidates in any way directly affected by the decision upon such hearing, to such election official, to the Secretary of the State, the State Elections Enforcement Commission and to any other person or persons, whom such judge deems proper parties thereto, of the time and place of the hearing upon such complaint. Such judge shall, on the day fixed for such hearing, and without delay, proceed to hear the parties and determine the result. If, after hearing, sufficient reason is shown, such judge may order any voting machines to be unlocked or any ballot boxes to be opened and a recount of the votes cast, including absentee ballots, to be made. Such judge shall thereupon, if he finds any error in the ruling of the election official, any mistake in the count of the votes or any violation of said sections, certify the result of his finding or decision to the Secretary of the State before the tenth day following the conclusion of the hearing. Such judge may (1) determine the result of such primary; (2) order a change in the existing primary schedule; or (3) order a new primary if he finds that but for the error in the ruling of the election official, any mistake in the count of the votes or any violation of said sections, the result of such primary might have been different and he is unable to determine the result of such primary.

"(c) The certification by the judge of his finding or decision shall be final and conclusive upon all questions relating to errors in the ruling of such election official, to the correctness of such count, and, for the purposes of this section only, such alleged violations, and shall operate to correct any returns or certificates filed by the election officials, unless the same is appealed from as provided in section 9-325. In the event a new primary is

Ayala, the Democratic registrar of voters for the city of Bridgeport (city), had violated certain election statutes before, during and after the September 11, 2007 Democratic primary for the office of the mayor of the city.[2] After an expedited hearing, the trial court rendered judgment for the defendants. The plaintiff then brought an appeal pursuant to General Statutes §§ 9-325[3] and

held pursuant to such Superior Court order, the result of such new primary shall be final and conclusive unless a complaint is brought pursuant to this section. The clerk of the court shall forthwith transmit a copy of such findings and order to the Secretary of the State."

[2] The plaintiff also named as defendants the following: the city; Hector Diaz, the town clerk for the city; Thomas L. Kanasky, Jr., the head moderator at the September 11, 2007 Democratic primary in the city; Joseph Borges, the Republican registrar of voters for the city; Patricia Howard, the deputy Democratic registrar of voters for the city; Jeffrey B. Garfield, the executive director and general counsel for the state elections enforcement commission; and William Finch, a candidate for the office of mayor of the city. After this appeal was filed, the secretary of the state filed a motion to intervene in the appeal for the purpose of opposing the plaintiff's request for relief. This court granted that motion.

[3] General Statutes § 9-325 provides: "If, upon any such hearing by a judge of the Superior Court, any question of law is raised which any party to the complaint claims should be reviewed by the Supreme Court, such judge, instead of filing the certificate of his finding or decision with the Secretary of the State, shall transmit the same, including therein such questions of law, together with a proper finding of facts, to the Chief Justice of the Supreme Court, who shall thereupon call a special session of said court for the purpose of an immediate hearing upon the questions of law so certified. A copy of the finding and decision so certified by the judge of the Superior Court, together with the decision of the Supreme Court, on the questions of law therein certified, shall be attested by the clerk of the Supreme Court, and by him transmitted to the Secretary of the State forthwith. The finding and decision of the judge of the Superior Court, together with the decision of the Supreme Court on the questions of law thus certified, shall be final and conclusive upon all questions relating to errors in the rulings of the election officials and to the correctness of such count and shall operate to correct the returns of the moderators or presiding officers so as to conform to such decision of said court. Nothing in this section shall be considered as prohibiting an appeal to the Supreme Court from a final judgment of the Superior Court. The judges of the Supreme Court may establish rules of procedure for the speedy and inexpensive hearing of such appeals within fifteen days of such judgment of a judge of the Superior Court."

51-199 (b) (5).[4] After the appeal was filed, pursuant to § 9-325, the trial court certified the following question of law to the Chief Justice of the Connecticut Supreme Court: "In a statutory proceeding under . . . § 9-329a, where the Superior Court has denied [the plaintiff's] request to set aside the primary election results and for a new primary election, must the court thereafter, upon [the plaintiff's] motion, postpone the general election pending an appeal of the court's decision to the Supreme Court?" The defendants then filed a motion to dismiss the appeal for lack of subject matter jurisdiction. Immediately after this court held a special session for the purpose of hearing the certified question, as ordered by the Chief Justice pursuant to § 9-325, this court granted the defendants' motion to dismiss the certified appeal and indicated that a full opinion explaining the judgment would be released at a later date. This is that opinion. The certified appeal was dismissed on the ground that it was rendered moot by this court's denial of the plaintiff's motion to stay proceedings and to postpone the city's general election in the companion case of *Caruso* v. *Bridgeport*, 284 Conn. 793, 937 A.2d 1 (2007), which was released on the same date as this opinion.

The record reveals the following undisputed facts and procedural history. The plaintiff was a candidate for the office of mayor in the city's September 11, 2007 Democratic primary. The defendant William Finch, another Democratic candidate for the office of mayor, won the primary election by 270 votes. Fourteen days after the primary, on September 25, 2007, the plaintiff filed a complaint in the Superior Court alleging that, before, during and after the primary, Ayala had engaged

---

[4] General Statutes § 51-199 (b) provides in relevant part: "The following matters shall be taken directly to the Supreme Court . . . (5) any election or primary dispute brought to the Supreme Court pursuant to section 9-323 or 9-325 . . . ."

in conduct that violated various election statutes. In his original complaint, the plaintiff stated that he was bringing the action pursuant to General Statutes § 9-328, but he later clarified in his second amended complaint that he was bringing the action pursuant to § 9-329a.[5] In each complaint, the plaintiff sought orders that (1) all of the voting machines used in the Democratic primary election be impounded beyond the automatic fourteen day impoundment period provided for in General Statutes § 9-310, (2) no Democratic nominee for mayor be recognized before the case was resolved, (3) the plaintiff be declared the winner of the Democratic primary for the office of mayor, (4) a new primary election be held and (5) the ballots cast in the primary election not be examined, unlocked or otherwise inspected except by order of the court.

The trial court ordered an expedited hearing on the matter to be held beginning on October 3, 2007. The trial court also issued an ex parte order that all of the voting machines used in the primary, as well as certain other materials related to the election, be impounded, pending further order by the court.

The expedited hearing concluded on October 15, 2007, and, on October 24, 2007, the trial court issued

---

[5] In the plaintiff's original and first amended complaints, he alleged, inter alia, that Ayala had engaged in conduct before, during and after the September 11, 2007 Democratic primary for the office of the mayor of the city, that had violated various election statutes and that he was bringing the complaint pursuant to § 9-328, which governs contests and complaints in general elections for municipal officers. The defendants filed a motion to dismiss the complaint, claiming that the plaintiff had failed to cite the correct statutory provision. The trial court denied the motion, but ordered the plaintiff to amend his complaint to specify its precise statutory basis. The plaintiff then filed a second amended complaint in which he made the same factual allegations as in the original and first amended complaints, and correctly cited § 9-329a as the statutory provision authorizing his complaint. On the third day of trial, the plaintiff requested permission to file a third amended complaint alleging that there had been a mistake in the vote count under § 9-329a (a) (2). The defendants objected to the request to amend, and the trial court denied the request on the ground that the third amended complaint stated a new cause of action and was untimely.

its decision. The trial court determined that many of the alleged statutory violations by Ayala did not constitute " 'ruling[s]' " of an election official, as specified by § 9-329a, and, therefore, did not come within the scope of an action pursuant to § 9-329a. With respect to the actions by Ayala that colorably constituted rulings by an election official, the court concluded that the plaintiff had failed to prove: (1) that the rulings were improper; (2) that the results of the primary might have been different if the rulings had been different; or (3) what the outcome would have been if the rulings had been different. Accordingly, the trial court rendered judgment for the defendants and, pursuant to § 9-329a (b), certified the decision to the secretary of the state.

On October 26, 2007, the defendants filed a motion to vacate the trial court's impoundment order so that the voting machines could be prepared for the city's general election on November 6, 2007. The plaintiff objected to the motion and requested that the trial court certify the question of whether the impoundment order should be vacated to the Chief Justice pursuant to § 9-325. After a hearing, the trial court granted the defendants' motion to vacate the impoundment order and denied the plaintiff's request to certify the question to the Chief Justice.

On October 30, 2007, the plaintiff filed a motion to postpone the general election "during the pendency of [his] appeal to the Supreme Court."[6] In the motion, he also requested that the question of whether the election should be postponed be certified to the Chief Justice pursuant to § 9-325. The trial court denied the motion.

On November 1, 2007, the plaintiff filed an appeal, citing §§ 51-199 (b) (5) and 9-325 as the statutory bases for the Supreme Court's appellate jurisdiction over the

---

[6] No appeal had been filed when the plaintiff filed his motion to postpone the election.

matter. In his preliminary statement of issues, the plaintiff raised numerous claims relating to the merits of the trial court's judgment in favor of the defendants, the vacating of the impoundment order, the denial of the motion to postpone the election and the denials of the plaintiff's requests to certify the questions of whether the impoundment order should be vacated and the election should be postponed to the Chief Justice pursuant to § 9-325. The plaintiff also filed a motion to stay in this court pursuant to Practice Book § 61-11, in which he requested that the city's general election for mayor, scheduled for November 6, 2007, be postponed "pending the appeal." After the plaintiff filed his appeal and motion to stay, the trial court certified to the Chief Justice the question of whether the trial court was required to grant the plaintiff's motion to postpone the city's general election for mayor pending the plaintiff's appeal.[7]

Thereafter, the defendants filed a motion to dismiss the certified appeal and an opposition to the plaintiff's motion to stay. In the motion to dismiss, the defendants contended that this court lacked jurisdiction over the appeal under § 9-325 because: (1) there had been no certified question to the Chief Justice when the appeal was filed; and (2) in an appeal from a judgment in a case brought pursuant to § 9-329a (a) (1), the expedited appeal procedures of § 9-325 are available only for questions of law arising from a "ruling of an election official"; General Statutes § 9-329a (a) (1); and do not apply to rulings by the trial court, which are reviewable only by way of an ordinary appeal to the Appellate Court pursuant to General Statutes §§ 51-197a and 52-263. In support of these contentions, the defendants relied on

---

[7] At oral argument before this court, the plaintiff represented that he had not sought reconsideration of the trial court's denial of his request to certify the question to the Chief Justice and that he did not know why the trial court had reversed its decision.

this court's decisions in *Bortner* v. *Woodbridge*, 250 Conn. 241, 245 n.4, 736 A.2d 104 (1999) (appeal pursuant to §§ 9-325 and 51-199 [b] requires "certification, by the trial court to the Chief Justice of this court, of the trial court's findings of fact and rulings of law"), and *Wrinn* v. *Dunleavy*, 186 Conn. 125, 134, 440 A.2d 261 (1982) (expedited review under § 9-325 "may deal only with questions of law arising under the statutory provisions by which the § 9-325 review may be invoked"). On the same day that the defendants filed their motion to dismiss and opposition to the motion to stay, the secretary of the state filed a motion to intervene in the case for the purpose of opposing the plaintiff's motion to stay. This court granted the motion to intervene.

On November 2, 2007, the Chief Justice ordered, pursuant to § 9-325, that a special session of this court be held on November 5, 2007, for the purpose of hearing the plaintiff's appeal. Before and during the hearing, the plaintiff clarified that he had intended to bring both an ordinary appeal from the judgment of the trial court and a certified appeal pursuant to § 9-325. He further clarified at the hearing that the only issue in the certified appeal was the certified question of whether the trial court was required to postpone the election pending resolution of the substantive issues raised in the ordinary appeal. Accordingly, this court limited the hearing to the certified question of whether the trial court was required to postpone the city's general election for mayor pending the plaintiff's appeal and to the motion to stay, which involved essentially the same issue.

Immediately after the hearing, this court bifurcated the plaintiff's appeal into: (1) this certified appeal, brought pursuant to § 9-325, and limited to the certified question of whether the trial court was required to postpone the city's general election for mayor pending appeal; and (2) an ordinary appeal from the final judgment of the trial court. We further ordered that the

ordinary appeal be accepted for filing in this court. Cf. *Bortner* v. *Woodbridge,* supra, 250 Conn. 245 n.4 (although direct appeal to this court pursuant to § 51-199 [b] [5] was improper in absence of certified question pursuant to § 9-325, court treated appeal as if it had been filed in Appellate Court and transferred to this court). Because the defendants' motion to dismiss was based solely on the alleged jurisdictional defects in this certified appeal, this court treated the motion as if it had been brought solely in the certified appeal.

This court then denied the plaintiff's motion to stay in the ordinary appeal, in which the plaintiff had requested that the city's general election for mayor be postponed pending appeal.[8] The reasons for that denial are set forth in a separate opinion released on the same date as this opinion. See *Caruso* v. *Bridgeport,* supra, 284 Conn. 803–804. As we have indicated, the relief that the plaintiff sought in this certified appeal pursuant to § 9-325 was essentially the same relief that he sought in the motion to stay in the ordinary appeal. Because we concluded in our decision denying the motion to stay in the ordinary appeal that neither this court nor the trial court is authorized in an action pursuant to § 9-329a to order a postponement of a general election; id., 804; no relief could be granted in the present certified appeal. We concluded, therefore, that this appeal was moot and must be dismissed for lack of subject matter jurisdiction. See *Fort Trumbull Conservancy, LLC* v. *New London,* 282 Conn. 791, 810, 925 A.2d 293 (2007) (mootness implicates court's subject matter jurisdiction). Accordingly, we do not address the other jurisdictional claims raised by the defendants.

The appeal is dismissed.

In this opinion the other justices concurred.

[8] This court also scheduled an expedited hearing on the ordinary appeal for November 30, 2007.