CHRISTOPHER CARUSO *v.* CITY OF
BRIDGEPORT ET AL.
(SC 18012)

Rogers, C. J., and Norcott, Katz, Palmer, Vertefeuille, Zarella and Schaller, Js.

Argued November 5—officially released November 5, 2007*

---

* November 5, 2007, the date that the order denying the plaintiff's motion to stay was released, is the operative date for all substantive and procedural purposes.

*Thomas J. Weihing,* with whom, on the brief, was *John T. Bochanis,* for the appellant-appellee (plaintiff).

*John C. King* and *John P. Bohannon, Jr.,* with whom were *Arthur C. Laske III* and *Michele C. Mount,* assistant city attorneys, for the appellees-appellants (defendants).

*Peregrine Zinn-Rowthorn,* assistant attorney general, for the appellee-appellant (intervenor Susan Bysiewicz, secretary of the state).

*Opinion*

ROGERS, C. J. The plaintiff, Christopher Caruso, brought this action pursuant to General Statutes § 9-329a (a),[1] claiming, inter alia, that the defendant Santa Ayala, the Democratic registrar of voters for the city of

[1] General Statutes § 9-329a provides: "(a) Any (1) elector or candidate aggrieved by a ruling of an election official in connection with any primary held pursuant to (A) section 9-423, 9-425 or 9-464, or (B) a special act, (2) elector or candidate who alleges that there has been a mistake in the count of the votes cast at such primary, or (3) candidate in such a primary who alleges that he is aggrieved by a violation of any provision of sections 9-355, 9-357 to 9-361, inclusive, 9-364, 9-364a or 9-365 in the casting of absentee ballots at such primary, may bring his complaint to any judge of the Superior Court for appropriate action. In any action brought pursuant to the provisions of this section, the complainant shall send a copy of the complaint by first-class mail, or deliver a copy of the complaint by hand, to the State Elections Enforcement Commission. If such complaint is made prior to such primary such judge shall proceed expeditiously to render judgment on the complaint and shall cause notice of the hearing to be given to the Secretary of the State and the State Elections Enforcement Commission. If such complaint is made subsequent to such primary it shall be brought, within fourteen days after such primary, to any judge of the Superior Court.

"(b) Such judge shall forthwith order a hearing to be held upon such complaint upon a day not more than five nor less than three days after the making of such order, and shall cause notice of not less than three days to be given to any candidate or candidates in any way directly affected by the decision upon such hearing, to such election official, to the Secretary of the State, the State Elections Enforcement Commission and to any other person or persons, whom such judge deems proper parties thereto, of the time and place of the hearing upon such complaint. Such judge shall, on

Bridgeport (city), had violated certain election statutes before, during and after the September 11, 2007 Democratic primary for the office of the mayor of the city.[2] After an expedited hearing, the trial court rendered judgment for the defendants. The plaintiff then brought an appeal.[3] At the same time, the plaintiff filed in this

the day fixed for such hearing, and without delay, proceed to hear the parties and determine the result. If, after hearing, sufficient reason is shown, such judge may order any voting machines to be unlocked or any ballot boxes to be opened and a recount of the votes cast, including absentee ballots, to be made. Such judge shall thereupon, if he finds any error in the ruling of the election official, any mistake in the count of the votes or any violation of said sections, certify the result of his finding or decision to the Secretary of the State before the tenth day following the conclusion of the hearing. Such judge may (1) determine the result of such primary; (2) order a change in the existing primary schedule; or (3) order a new primary if he finds that but for the error in the ruling of the election official, any mistake in the count of the votes or any violation of said sections, the result of such primary might have been different and he is unable to determine the result of such primary.

"(c) The certification by the judge of his finding or decision shall be final and conclusive upon all questions relating to errors in the ruling of such election official, to the correctness of such count, and, for the purposes of this section only, such alleged violations, and shall operate to correct any returns or certificates filed by the election officials, unless the same is appealed from as provided in section 9-325. In the event a new primary is held pursuant to such Superior Court order, the result of such new primary shall be final and conclusive unless a complaint is brought pursuant to this section. The clerk of the court shall forthwith transmit a copy of such findings and order to the Secretary of the State."

[2] The plaintiff also named as defendants the following: the city; Hector Diaz, the town clerk for the city; Thomas L. Kanasky, Jr., the head moderator for the city's September 11, 2007 Democratic primary; Joseph Borges, the Republican registrar of voters for the city; Patricia Howard, the deputy Democratic registrar of voters for the city; Jeffrey B. Garfield, the executive director and general counsel for the state elections enforcement commission; and William Finch, a candidate for the office of mayor of the city. After the appeal was filed, the secretary of the state filed a motion to intervene in the appeal for the purpose of opposing the plaintiff's request for relief. This court granted that motion.

[3] The plaintiff originally brought his appeal pursuant to General Statutes §§ 9-325 and 51-199 (b) (5). After the appeal was filed, this court determined that it would treat the issues raised in the appeal that had not been certified to this court by the trial court in accordance with § 9-325 as if they had been brought in an ordinary appeal to this court. See *Bortner* v. *Woodbridge*,

court a motion to stay pursuant to Practice Book § 61-11,[4] requesting postponement of the city's general election scheduled for November 6, 2007, pending resolution of the appeal. We denied the motion and indicated that a full opinion explaining our decision would be released at a later date. This is that opinion. We conclude that the motion to stay should be denied because the automatic stay provision of § 61-11 did not apply to the city's general election for mayor, this court has no authority to order postjudgment injunctive relief that was not requested in the underlying complaint and, even if this court had such authority, it has no authority to postpone a general election in an action pursuant to § 9-329a under any circumstances.

The record reveals the following undisputed facts and procedural history. The plaintiff was a candidate for the office of mayor in the city's September 11, 2007 Democratic primary. The defendant William Finch, another Democratic candidate for the office of mayor, won the primary election by 270 votes. Fourteen days after the primary, on September 25, 2007, the plaintiff filed a complaint in the Superior Court alleging that, before, during and after the primary, Ayala had engaged in conduct that violated various election statutes. In

250 Conn. 241, 245 n.4, 736 A.2d 104 (1999) (although direct appeal to this court pursuant to § 51-199 [b] [5] was improper in absence of certified question pursuant to § 9-325, court treated appeal as if it had been filed in Appellate Court and transferred to this court). Accordingly, this court bifurcated the appeal into a certified appeal pursuant to § 9-325 and an ordinary appeal.

[4] Practice Book § 61-11 (a) provides: "Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to take an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. If the case goes to judgment on appeal, any stay thereafter shall be in accordance with Section 71-6 (motions for reconsideration), Section 84-3 (petitions for certification by the Connecticut supreme court), and Section 71-7 (petitions for certiorari by the United States supreme court)."

his original complaint, the plaintiff stated that he was bringing the action pursuant to General Statutes § 9-328, but he later clarified in his second amended complaint that he was bringing the action pursuant to § 9-329a.[5] In each complaint, the plaintiff sought orders that (1) all of the voting machines used in the Democratic primary election be impounded beyond the automatic fourteen day impoundment period provided for in General Statutes § 9-310, (2) no Democratic nominee for mayor be recognized before the case was resolved, (3) the plaintiff be declared the winner of the Democratic primary for the office of mayor, (4) a new primary election be held and (5) the ballots cast in the primary election not be examined, unlocked or otherwise inspected except by order of the court.

The trial court ordered an expedited hearing on the matter to be held beginning on October 3, 2007. The trial court also issued an ex parte order that all of the voting machines used in the primary, as well as certain other materials related to the election, be impounded, pending further order by the court.

The expedited hearing concluded on October 15, 2007, and, on October 24, 2007, the trial court issued

[5] In the plaintiff's original and first amended complaints, he alleged, inter alia, that Ayala had engaged in conduct before, during and after the September 11, 2007 Democratic primary for the office of the mayor of the city, that had violated various election statutes and that he was bringing the complaint pursuant to § 9-328, which governs contests and complaints in general elections for municipal officers. The defendants filed a motion to dismiss the complaint, claiming that the plaintiff had failed to cite the correct statutory provision. The trial court denied the motion, but ordered the plaintiff to amend his complaint to specify its precise statutory basis. The plaintiff then filed a second amended complaint in which he made the same factual allegations as in the original and first amended complaints, and correctly cited § 9-329a as the statutory provision authorizing his complaint. On the third day of trial, the plaintiff requested permission to file a third amended complaint alleging that there had been a mistake in the vote count under § 9-329a (a) (2). The defendants objected to the request to amend, and the trial court denied the request on the ground that the third amended complaint stated a new cause of action and was untimely.

its decision. The trial court determined that many of the alleged statutory violations by Ayala did not constitute " 'ruling[s]' " of an election official, as specified by § 9-329a, and, therefore, did not come within the scope of an action pursuant to § 9-329a. With respect to the actions by Ayala that colorably constituted rulings by an election official, the court concluded that the plaintiff had failed to prove: (1) that the rulings were improper; (2) that the results of the primary might have been different if the rulings had been different; or (3) what the outcome would have been if the rulings had been different. Accordingly, the trial court rendered judgment for the defendants and, pursuant to § 9-329a (b), certified his decision to the secretary of the state.

On October 26, 2007, the defendants filed a motion to vacate the trial court's impoundment order so that the voting machines could be prepared for the city's general election on November 6, 2007. The plaintiff objected to the motion and requested that the trial court certify the question of whether the impoundment order should be vacated to the Chief Justice of the Connecticut Supreme Court pursuant to General Statutes § 9-325. After a hearing, the trial court granted the defendants' motion to vacate the impoundment order and denied the plaintiff's request to certify the question to the Chief Justice.

On October 30, 2007, the plaintiff filed a motion to postpone the general election "during the pendency of [his] appeal to the Supreme Court."[6] In the motion, he also requested that the question of whether the election should be postponed be certified to the Chief Justice pursuant to § 9-325. The trial court denied the motion.

On November 1, 2007, the plaintiff filed an appeal, citing General Statutes §§ 51-199 (b) (5) and 9-325 as the statutory bases for the Supreme Court's appellate

---

[6] No appeal had been filed when the plaintiff filed his motion to postpone.

jurisdiction over the matter. See footnote 3 of this opinion. In his preliminary statement of issues, the plaintiff raised numerous claims relating to the merits of the trial court's judgment in favor of the defendants, the vacating of the impoundment order, the denial of the motion to postpone the election and the denials of the plaintiff's requests to certify the questions of whether the impoundment order should be vacated and the election should be postponed to the Chief Justice pursuant to § 9-325. The plaintiff also filed a motion to stay pursuant to Practice Book § 61-11 in which he requested that the city's general election for mayor, scheduled for November 6, 2007, be postponed "pending the appeal." After the plaintiff filed his appeal and motion to stay, the trial court certified to the Chief Justice the question of whether the trial court was required to grant the plaintiff's motion to postpone the city's general election for mayor pending the plaintiff's appeal.[7]

Thereafter, the defendants filed a motion to dismiss the certified appeal; see footnote 8 of this opinion; and an opposition to the plaintiff's motion to stay. With respect to the motion to stay, the defendants argued that the motion went to the merits of the trial court's judgment in favor of the defendants and required this court to make de novo factual findings on the basis of evidence produced at the hearing. On the same day that the defendants filed their motion to dismiss and opposition to the motion to stay, the secretary of the state filed, and this court granted, a motion to intervene in the case for the purpose of opposing the plaintiff's motion to stay. In her memorandum in opposition to the motion to stay, the secretary of the state contended that, under the standard set forth in *Griffin Hospital*

[7] At oral argument before this court, the plaintiff represented that he had not sought reconsideration of the trial court's denial of his request to certify the question to the Chief Justice and that he did not know why the trial court had reversed its decision.

v. *Commission on Hospitals & Health Care*, 196 Conn. 451, 456, 493 A.2d 229 (1985), the motion should be denied. Id. (in ruling on motion to stay order of administrative agency, trial court considers "[1] the likelihood that the appellant will prevail; [2] the irreparability of the injury to be suffered from immediate implementation of the . . . order [under review]; [3] the effect of a stay upon other parties to the proceeding; and [4] the public interest involved"). Specifically, the secretary of the state argued that postponing the election very likely would result in suppressed voter turnout, increased inconvenience and expense to the other candidates and increased expense and administrative burden for the municipal elections officials and for the secretary of the state. In addition, she argued that the likelihood of the plaintiff's success in the appeal was small and that, even if he prevailed, he would not suffer irreparable harm because the court could order a new general election.

On November 2, 2007, the Chief Justice ordered, pursuant to § 9-325, that a special session of this court be held on November 5, 2007, for the purpose of hearing the plaintiff's appeal. Before and during the hearing, the plaintiff clarified that he had intended to bring both an ordinary appeal from the final judgment of the trial court and a certified appeal pursuant to § 9-325. He further clarified at the hearing that the only issue in the certified appeal was the certified question of whether the trial court was required to postpone the election pending resolution of the substantive issues raised in the ordinary appeal. Accordingly, this court limited the hearing to the certified question of whether the trial court was required to postpone the city's general election for mayor pending the plaintiff's appeal and to the motion to stay, which involved essentially the same issue.

Immediately after the hearing, this court bifurcated the plaintiff's appeal into: (1) a certified appeal, brought pursuant to § 9-325, and limited to the certified question of whether the trial court was required to postpone the city's general election for mayor pending appeal;[8] and (2) an ordinary appeal from the final judgment of the trial court. We further ordered that the ordinary appeal be accepted for filing in this court.[9] See footnote 3 of this opinion. We then denied the plaintiff's motion to stay in the ordinary appeal. The sole purpose of this opinion is to explain our reasons for denying the motion to stay.

The plaintiff filed his motion to stay pursuant to Practice Book § 61-11 (a), which provides in relevant part that, "[e]xcept where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to take an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . ." The plaintiff argued at the hearing on the motion that there was no need for him to file the motion to stay in this court, or the motion for postponement of the general election in the trial court, because § 61-11 automatically had stayed the city's general election for mayor. The plaintiff's motion to stay more accurately is described, therefore, as a motion to enforce the automatic stay provision of § 61-11.[10]

---

[8] Because the defendants' motion to dismiss was based solely on the alleged jurisdictional defects in the certified appeal, this court treated the motion as if it had been brought solely in that appeal. The certified appeal was dismissed as moot in light of our conclusion in the present case that this court has no authority to grant the relief sought in the motion to stay, which was essentially the same relief sought in the certified appeal. See *Caruso* v. *Bridgeport*, 284 Conn. 805, 937 A.2d 7 (2007).

[9] This court also scheduled an expedited hearing on the ordinary appeal for November 30, 2007.

[10] See *All Seasons Services, Inc.* v. *Guildner*, 89 Conn. App. 781, 782–83, 878 A.2d 370 (2005) (denying motion to enforce automatic stay of judgment);

We conclude, however, that the automatic stay provision of Practice Book § 61-11 did not operate to postpone the city's general election for mayor. Because the plaintiff did not request in his second amended complaint an order temporarily enjoining the election pending final resolution of his claims, nothing in the proceedings before the trial court or in the trial court's judgment in favor of the defendants affirmatively provided relief ordering the city to hold the election as scheduled or, indeed, affected the election in any manner. Accordingly, the election was not a "[proceeding] to enforce or carry out the judgment" of the trial court. Practice Book § 61-11 (a) ("proceedings to enforce or carry out the judgment or order shall be automatically stayed . . . until the final determination of the cause").

It is clear, therefore, that rather than seeking enforcement of the automatic stay provision in his motion to stay, the plaintiff actually was seeking an original order of injunctive relief from this court. Whether an election should be enjoined pending appeal of a matter potentially affecting the election, however, involves questions of fact that this court is not competent to address in the first instance. See *Aposporos* v. *Urban Redevelopment Commission*, 259 Conn. 563, 571, 790 A.2d 1167 (2002) ("[a] party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law" [internal quotation marks omitted]); see also *Miller* v. *Westport*, 268 Conn. 207, 221, 842 A.2d 558 (2004) (finding facts is function of trial court, not this court). More fundamentally, the plaintiff has provided no authority for the proposition that this court or, indeed, any court, may, postjudgment, order a form of relief that was not requested in the

cf. Practice Book § 61-12 (authorizing discretionary stay of judgment pending appeal upon motion to judge of Superior Court).

underlying complaint.[11] Such authority is especially doubtful when the requested relief is not required to prevent the appeal from becoming moot.

Finally, even if this court has the general authority to grant a postjudgment request for injunctive relief pending appeal, § 9-329a does not authorize the courts under any circumstances to order the postponement of a general election in an action brought pursuant to that statute. See General Statutes § 9-329a (b) (in proceeding under § 9-329a [a], "judge may [1] determine the result of such primary; [2] order a change in the existing primary schedule; or [3] order a new primary"). Where the procedure used by the plaintiff is of a special statutory nature, and by its use a judge is called upon to exercise a judicial power in an original matter; see *In the Matter of Gilhuly's Petition*, 124 Conn. 271, 276, 199 A. 436 (1938); not only must the plaintiff pursue his remedy in strict conformity with the statute but the judge may go no further in extending relief than that outlined in the statute. See *Salter* v. *Kaplowitz*, 28 Conn. Sup. 85, 88, 250 A.2d 327 (1968); see also *Washington* v. *Hill*, 960 So. 2d 643, 646 (Ala. 2006) (statutory provisions governing election contest must be strictly observed and construed); *Bohart* v. *Hanna*, 213 Ariz. 480, 482, 143 P.3d 1021 (2006) (same); *Kinzel* v. *North Miami*, 212 So. 2d 327, 328 (Fla. App. 1968) (same); *Davis* v. *Plainfield*, 389 N.J. Super. 424, 432–33, 913 A.2d 166 (2006) (same). Accordingly, neither this court nor the trial court had the power in an action brought pursuant to § 9-329a to grant the specific relief requested by the plaintiff.

The motion to stay is denied.

In this opinion the other justices concurred.

---

[11] As we have indicated, the plaintiff did file a motion to postpone the general election in the trial court *after* the court had rendered judgment for the defendants. He requested no such relief, however, in the second amended complaint.